# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC T. GOODSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-00222-JD |
| | ) |
| STATE OF OKLAHOMA and | ) |
| JASON HICKS, | ) |
| | ) |
| Respondents. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell entered on May 12, 2021, recommending that the Court dismiss Petitioner Eric T. Goodson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] for failure to exhaust available state judicial remedies. [Doc. No. 8]. Judge Mitchell advised Petitioner that he may file an objection to the Report and Recommendation with the Clerk of Court by June 2, 2021, and that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal issues contained in the Report and Recommendation. *Id.* at 7; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Petitioner did not timely file an objection to the Report and Recommendation or request an extension of time to do so.[1] The Court notes that its attempt to serve Petitioner

---

[1] The Court did receive a letter from Shane J. Kirk, an inmate at the Stephens County Jail purporting to have authority to respond to the Report and Recommendation on Petitioner's behalf. [*See* Doc. No. 10]. Mr. Kirk is neither a party nor Petitioner's attorney and therefore may not file an objection on Petitioner's behalf. *See* 28 U.S.C.

with the Report and Recommendation at his address of record failed. [*See* Doc. No. 9].[2]
However, it is Petitioner's responsibility to notify the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4(a); *see Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [plaintiff] is acting pro se does not eliminate this burden.").

For the reasons stated in the Report and Recommendation, the Court ACCEPTS and ADOPTS the Report and Recommendation [Doc. No. 8] and DISMISSES Petitioner's Petition for Writ of Habeas Corpus.

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner can satisfy this standard by demonstrating that jurists of

---

§ 636(b)(1)(C) (allowing "any party" to serve and file written objections); Fed. R. Civ. P. 72(b)(2) (same). *Cf.* 28 U.S.C. § 1654; *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

In any case, Mr. Kirk's letter does not raise any specific objections to Judge Mitchell's finding that Petitioner has not exhausted available state remedies. *See also* 28 U.S.C. § 2254(b)(1), (c). Accordingly, the letter does not trigger the Court's obligation to conduct a de novo review of the Report and Recommendation. *See id.* § 636(b)(1)(C).

[2] The Court notes that Petitioner filed a notice of change of address on May 7, 2021; however, the notice stated "Oklahoma D.O.C." for new address and prisoner ID number was "unknown at this time." The notice did not provide a mailing address, city, state, or zip code. [*See* Doc. No. 6].

reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012). After considering this Order, the Report and Recommendation, and the record, the Court finds that reasonable jurists could not debate the Court's determinations that Petitioner's habeas petition is subject to dismissal because he failed to exhaust available state remedies. Because Petitioner cannot make the required showing under the statute and Supreme Court precedent, the Court declines to issue a certificate of appealability.

    IT IS SO ORDERED this 30th day of June 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE